## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **IVAN L. BROOKS,** | ) | **CASE NO. 1:20CV2384** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **LORAIN COUNTY JAIL,** | ) | |
| | ) | **OPINION AND ORDER** |
| **Defendant.** | ) | |

### CHRISTOPHER A. BOYKO, Sr. J:

*Pro se* Plaintiff Ivan L. Brooks has filed this Complaint under 42 U.S.C. § 1983 against the Lorain County Jail (ECF No. 1). Plaintiff alleges that Defendant denied him access to the courts by rejecting his incoming mail. Plaintiff asks this Court to award damages.

### I.  BACKGROUND

Plaintiff stated in his Complaint that "the Defendants ... reject[ed] incoming mail to inmates [due] to a policy change." ECF No. 1 at PageID # 2. When he explained to Sergeant Metter that his mail is a primary source of legal assistance and without it he cannot defend himself, Plaintiff was told "it was above his pay grade." *Id.* Plaintiff further stated that after filing a grievance, the assistant jail administrator gave him "the same result," and Lieutenant Crum and Chief Deputy Cavanaugh "ignored" him. *Id.* at PageID # 3. Plaintiff alleged that Defendants' denying him incoming mail deprived him of an adequate law library or legal assistance and is therefore a violation of his right to access to the courts.

### II.  DISCUSSION

#### A. Standard of Review

Pro se pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652

205ae8a20e5cfc19

(1972.  The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).  That said, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a pro se plaintiff.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B.  Access to the Courts**

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983, alleging he has been denied access to the courts.  To state a claim under § 1983, Plaintiff must allege that a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v.*

*Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

Here, Plaintiff alleges that "Defendants ... reject[ed] incoming mail to inmates [due] to a policy change" and deprived him of access to "an adequate law library or legal assistance." Plaintiff alleges, therefore, that "Defendants" denied him access to the courts. ECF No. 1 at PageID # 2. Although he did not name any individuals as defendants in the Complaint, Plaintiff alleged in the body of the Complaint that when he explained the need for his mail, Sergeant Metter replied, "it was above his pay grade," the assistant jail administrator responded similarly, and Lieutenant Crum and Chief Deputy Cavanaugh "ignored" him. *Id.*

As an initial matter, the Court notes that the defendant Lorain County Jail is not *sui juris*, meaning it is not capable of suing or being sued for purposes of § 1983. *See Gerald v. Akron Bar Assn.*, N.D.Ohio No. 5: 18 CV 414, 2018 U.S. Dist. LEXIS 99981, at *5 (June 14, 2018) (finding the Summit County jail is not sui juris and therefore lacks the capacity to be sued); *Jackson v. Mowry*, No. 1:12 CV 3083, 2013 U.S. Dist. LEXIS 18056, 2013 WL 526916, at *3 (N.D. Ohio Feb. 11, 2013); *Boggs v. Miami Cty. Jail*, No. 3:11 CV 00122, 2011 U.S. Dist. LEXIS 96486, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"), report and recommendation adopted, No. 3:11 CV 00122, 2011 U.S. Dist. LEXIS 96483, 2011 WL 3813033 (S.D. Ohio Aug. 29, 2011).

However, even if the Court liberally construes Plaintiff's Complaint as a claim against the county, Plaintiff's claim fails. Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 56 L. Ed. 2d 611 (1978), county liability is limited to situations in which the deprivation of constitutional rights results from an official policy or custom of the county. *Monell* and its progeny require that (1) a municipality be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," *Monell*, 436 U.S. at 694, and (2) there be an "affirmative link between the policy and the particular constitutional violation alleged," *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985). See Petty, 478 F.3d

3

at 347.

Therefore, counties and other bodies of local government may be sued pursuant to 42 U.S.C. §

1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance,

regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v.*

*Praprotnik*, 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) (quoting *Monell*, 436 U.S. at 690.)

And the United States Court of Appeals for the Sixth Circuit has held that a plaintiff may show the

existence of a policy or custom leading to the alleged violation by identifying the following: "'(1) the

municipality's legislative enactments or official policies; (2) actions taken by officials with final

decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance

or acquiescence of federal violations.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018)

(quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)).

Here, Plaintiff alleges he was denied access to the law library and "legal assistance." Plaintiff,

however, has not pleaded any facts concerning a county policy or custom that may have caused a

constitutional deprivation. His simple statement that Defendants rejected incoming mail "[due] to a policy

change" is insufficient to state a plausible claim.

Moreover, even if the Defendant were subject to suit, Plaintiff fails to allege a constitutional

violation. Incarcerated individuals have a right of access to the courts under the First and Fourteenth

Amendments to the United States Constitution. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L.

Ed. 2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); *Flagg v. City of*

*Detroit*, 715 F.3d 165, 173 (6th Cir. 2013); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en

banc). This right of access prohibits "state prison officials from actively interfering with inmates' attempts

to prepare legal documents[.]" *Lewis*, 518 U.S. at 350; *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.

1996) (stating that "prison officials may not erect any barriers that impede an inmate's access to the

courts.").

This right of access, however, is not unlimited; it does not extend to every legal action or claim an inmate wishes to pursue. *Lewis*, 518 U.S. at 349, 355.  Rather, an inmate's right of access to the courts "is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement." *Courtemanche v. Gregels*, 79 Fed. App'x 115, 117 (6th Cir. 2003) (citing *Lewis*, 518 U.S. at 355).  "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."  *Lewis*, 518 U.S. at 355.

Additionally, to prevail on a claim for access to the courts, an inmate must show that he suffered "actual injury."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus—X*, 175 F.3d at 394).  That is, the inmate must demonstrate "that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis*, 518 U.S. at 353; *see also Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (stating that an access to the courts claim has "unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost").  The inmate must therefore allege "specific facts showing that he suffered prejudice" to a nonfrivolous direct appeal, habeas corpus application, or civil rights action challenging the conditions of his confinement.  *See McCurtis v. Wood*, 76 Fed. App'x 632, 634 (6th Cir. 2003) (affirming the dismissal of a prisoner's access to the courts claim where the prisoner failed "to allege the exact nature of his frustrated claims, whether he actually had pending cases which were dismissed, or why he was unable to proceed on [the] alleged claims").

Here, Plaintiff has failed to sufficiently allege the elements of an access to the courts claim.  The Complaint does not identify or describe any litigation, specifically concerning a nonfrivolous direct appeal, habeas corpus application, or civil rights action challenging the conditions of his confinement.  Nor has Plaintiff alleged any facts suggesting that his alleged lack of access to his mail, and consequently the lack of access to the law library or "legal assistance," has actually hindered his efforts to pursue a nonfrivolous legal claim.  Plaintiff therefore fails to state a claim upon which relief may be granted.

### III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e) and is closed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko

**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated:** 1/26/21

6